IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PLATINUM PROPERTIES INVESTOR NETWORK, Inc., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-mc-213-JAR-TJJ |
| v. | ) ) | Relating to an Action Pending in the United States District Court |
| AMCO INSURANCE CO., | ) ) | for the Central District of California Case No. SA CV 14-1321 AG (JCGx) |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this miscellaneous civil case, Defendant AMCO Insurance Co. ("AMCO") has filed the following four motions to transfer certain subpoena-related motions to the United States District Court for the Central District of California:

- AMCO's Motion for Transfer of Non-Party Sanders Warren & Russell, LLP's Subpoena-Related Motion to Quash Pursuant to Federal Rule of Civil Procedure 45(f) (ECF No. 4)

- AMCO's Motion for Transfer of its Motion to Compel Non-Party Lee Hardee's Deposition and Production of Documents Pursuant to the Subpoena for Records (ECF No. 14)

- AMCO's Motion for Transfer of its Motion to Compel Non-Party Patrick Martin's Deposition and Production of Documents Pursuant to the Subpoena for Records and the Deposition Subpoena (ECF No. 16)

- AMCO's Motion for Transfer of Non-Party Jeff Baker's Motion to Quash Deposition Subpoena Pursuant to Federal Rule of Civil Procedure 45(f) (ECF No. 19).

In each of these motions, AMCO seeks an order under Fed. R. Civ. P. 45(f) transferring a specific subpoena-related motion to the Central District of California, where the underlying action is filed and from which the subpoenas addressed in the motions were issued. As set forth below, the Court finds the facts in this case do not rise to the level of "exceptional circumstances" under Rule 45(f) to warrant the transfer of the pending motions pertaining to

subpoenas served on Kansas lawyers and Kansas law firms. Accordingly, the motions to transfer are denied.

I.      **BACKGROUND FACTS**

On July 9, 2014, Platinum Properties Investment Networks, Inc. ("Platinum") and Jason Hartman (collectively "Plaintiffs") filed a Complaint against AMCO in the Superior Court for the State of California, County of Orange. AMCO removed the case to the U.S. District Court for the Central District of California, Case No. SA CV 14-1321 AG (JCGx) ("California Action") where it is currently pending.

In the California Action, Plaintiffs seek to recover from AMCO damages for the alleged breach of an insurance policy and bad faith stemming from AMCO's defense of Plaintiffs in a third-party action filed in the Circuit Court of Jackson County, Missouri, *Results Property Management v. Platinum Properties Investor Network, Inc., et al.*, Case No. 1016-CV35390 ("Missouri Action"). Plaintiffs allege, *inter alia*, that while AMCO provided a defense in the Missouri Action under a reservation of rights and later provided separate independent counsel for Plaintiffs at AMCO's expense, AMCO settled the Missouri Action (resulting in a release without any excess judgement) without the consent of Plaintiffs, and over their objection.

Approximately two years after the Missouri Action was filed, Plaintiffs tendered their defense and claim for indemnity to AMCO under an insurance policy issued by AMCO to Platinum. AMCO accepted the defense under a reservation of rights and retained counsel in Missouri to defend Plaintiffs, as well as other named defendant employees of Plaintiffs in the Missouri Action. While AMCO was defending the Missouri Action, plaintiff Jason Hartman demanded AMCO provide independent "Cumis" counsel to him and Platinum at AMCO's expense. AMCO agreed to provide the requested independent "Cumis" counsel and Plaintiffs

retained Jeffrey Baker of the Kansas law firm Sanders Warren & Russell, LLP ("Sanders Warren").

Plaintiffs served their Rule 26(a) initial disclosures in the California Action on October 27, 2014. They identified attorneys Lee Hardee, Jeffrey Baker, and Patrick Martin (all residents of Kansas) as having represented Plaintiffs in the litigation of the underlying claim, and having knowledge of the inadequacy of the defense provided by Defendants for that claim, and/or the damages done to Plaintiffs' counter claims due to the unauthorized settlement.[1] Plaintiffs also identified these same individuals in their interrogatory responses served on April 28, 2015.[2]

On December 23, 2014, AMCO served plaintiff Hartman with requests for admissions, interrogatories, and requests for production of documents in the California Action. After receiving no responses, and after several months of meet and confer attempts to obtain the documents, AMCO filed a motion to compel. Plaintiffs did not oppose the motion in writing, but appeared through counsel at the hearing before Magistrate Judge Jay Gandhi and asserted that Hartman was not in possession of the documents relevant to Plaintiffs' claims against AMCO and requested in AMCO's discovery. Plaintiffs further indicated that AMCO could obtain those documents by way of third-party subpoenas from the relevant third parties. On April 30, 2015, Judge Gandhi granted AMCO's motion to compel and issued an order stating, *inter alia*, "[w]ithout prejudicing the matter, the Court also encourages both parties to (1) move to compel production from any third parties possessing requested documents, and (2) accompany such motions with requests for monetary sanctions."[3]

---

[1] ECF No. 4-5.

[2] ECF No. 14-6.

[3] ECF No. 14-5.

3

On May 29, 2015, AMCO served a Rule 45 subpoena to produce documents, information, or objects on the custodian of records of the law firm Sanders Warren, with a compliance date of July 1, 2015 in Olathe, Kansas.[4]  The subpoena sought the production of twelve categories of documents, including all communications relating to the Missouri Action between Sanders Warren and AMCO, attorney Forgarty, attorney Hardee, Shorepoint insurance broker, and any other person or entity.  The subpoena further commanded the production of all documents evidencing the total fees and costs incurred in defense of the Missouri Action, dates Sanders Warren represented Plaintiffs in the Missouri Action, services rendered to Plaintiffs in connection with their representation in the Missouri Action, and amounts paid by Plaintiffs or claimed owed in connection with their representation in the Missouri Action.  The subpoena also commanded Sanders Warren produce its "file" for the Missouri Action.

On June 24, 2015, AMCO also served a Rule 45 subpoena for deposition and production of records on Jeffery Baker, requiring his appearance for deposition in Kansas City, Missouri, on July 21, 2015.[5]  The subpoena commanded Baker to produce nine categories of documents, including communications relating to the Missouri Action between him and AMCO, attorney Forgarty, attorney Hardee, and Shorepoint insurance broker.  The subpoena further commanded the production of all documents evidencing the total fees and costs incurred in defense of the Missouri Action, documents detailing services rendered on behalf of Plaintiffs in the Missouri Action, non-privileged communications with any other person or entity relating to the Missouri Action, and amounts paid by Plaintiffs or claimed owed in connection with their representation in the Missouri Action.

---

[4] Sanders Warren subpoena, ECF No. 1-2.

[5] Baker subpoena, ECF No. 6-2.

AMCO served a subpoena for deposition and production of records on Lee Hardee on June 24, 2015, requiring his appearance for deposition in Kansas City, Missouri, on July 21, 2015.[6] The subpoena commanded Hardee to produce eight categories of documents, including communications relating to the Missouri Action between him and AMCO, attorney Forgarty, Shorepoint insurance broker, and any other person or entity. The subpoena further commanded the production of all documents evidencing the total fees and costs incurred in defense of the Missouri Action, documents detailing services rendered in connection with the Missouri Action, and documents evidencing any amount claimed owed by Plaintiffs in connection with services rendered in the Missouri Action.

Lee Hardee and Hardee Law firm filed their Objections to Subpoena in the California Action on March 27, 2015, including an objection the subpoena improperly seeks the disclosure of information protected by the attorney-client privilege.[7]

On June 16, 2015, Jeffrey Baker filed this miscellaneous action. He thereafter filed motions to quash subpoena or, alternatively, for protective order on behalf of Sanders Warren on June 16, 2015, and himself on July 14, 2015.[8]

On July 14, 2015, AMCO served a subpoena for deposition and production of records on Patrick Martin, requiring his appearance for deposition in Ottawa, Kansas, on July 22, 2015.[9] The subpoena commanded Martin to produce eight categories of documents, including communications relating to the Missouri Action between him and AMCO, attorney Forgarty,

---

[6] Hardee subpoena, ECF No. 34-1.

[7] ECF No. 34-1.

[8] ECF Nos. 1 and 6.

[9] Martin subpoena, ECF No. 12-17.

5

Shorepoint insurance broker, and any other person or entity.  The subpoena further commanded the production of all documents evidencing the total fees and costs incurred in defense of the Missouri Action, detailing services rendered in connection with the Missouri Action, and any amount claimed as owed by Plaintiffs in connection with services rendered in the Missouri Action.  Martin orally advised AMCO's counsel he could not produce any records because of the attorney-client privilege asserted by Plaintiffs, and that he would only produce documents if the Court ordered him to do so.

On July 22, 2015, AMCO filed its motion in this case to compel compliance with the subpoena it served on Lee Hardee Law Firm and to compel Lee Hardee's deposition and production of documents.[10]  The next day, July 23, 2015, AMCO filed its motion for transfer of its motion to compel Hardee's deposition.[11]

On July 23, 2015, AMCO filed its motion in this case to compel compliance with the subpoena for records and deposition served on attorney Patrick Martin.[12]  This motion was followed by AMCO's motion for transfer of the Martin subpoena motion.[13]

On July 28, 2015, AMCO filed its motion to transfer attorney Jeff Baker's motion to quash deposition subpoena or, alternatively, motion for protective order.[14]

On August 5, 2015, District Judge Stephen R. Bough of the United States District Court for the Western District of Missouri[15] conducted a conference concerning two motions AMCO

---

[10] ECF No. 10.

[11] ECF No. 14.

[12] ECF No. 12.

[13] ECF No. 16.

[14] ECF No. 19.

6

had filed in a miscellaneous case there: AMCO's motion to compel the deposition of non-party Kathleen Crisp[16] and compliance with the subpoena, and related motion to transfer the subpoena-related motion to the California Action. Judge Bough granted the motion to compel and ordered Crisp to produce the records that she had withheld because of the attorney-client privilege and to appear for deposition to testify on all issues, including issues that might otherwise be protected by the attorney-client privilege. The motion to transfer was found to be moot.

## II.   DEFENDANT AMCO'S MOTIONS TO TRANSFER

Defendant AMCO moves pursuant to Fed. R. Civ. P. 45(f) for an order from this Court transferring subpoena-related motions to the Central District of California, the issuing court of the subpoenas at issue, on the basis that exceptional circumstances warrant the transfer. Sanders Warren, Lee Hardee, and the Hardee Law Firm have filed responses in opposition to the motions to transfer,[17] arguing that they do not consent to transfer and AMCO has not presented evidence showing that exceptional circumstances warranting transfer exist in this case.

### A.   *Applicable Law*

Federal Rule of Civil Procedure 45(f) governs the transfer of a subpoena-related motion.[18] It provides, in pertinent part, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person

---

[15] W.D. Mo. Case No. 15-mc-9019-SRB.

[16] Kathleen Crisp was a paralegal working for attorney Patrick Martin in the Missouri Action. Dib Supp'l Aff., ECF No. 28.

[17] ECF Nos. 8 and 35.

[18] Rule 45 was significantly amended effective December 1, 2013, to explicitly permit the transfer of subpoena-related motions from the court where compliance is required to the court that issued the subpoena. *Valle del Sol, Inc. v. Kobach*, No. 14-mc-219-JAR, 2014 WL 3818490, at *2 (D. Kan. Aug. 4, 2014).

subject to the subpoena consents or if the court finds *exceptional circumstances*.[19] The Rules do not define "exceptional circumstances" but the Advisory Committee Notes provide the following guidance as to when a transfer is appropriate:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should *not be assumed that the issuing court is in a superior position to resolve subpoena-related motions*. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing the subpoena-related motions.[20]

The text of Rule 45(f) and the Advisory Committee's note is clear that, absent consent, subpoena-related motions should be heard in the court where compliance is required, unless the proponent of transfer demonstrates that exceptional circumstances exist. If such circumstances exist, those interests should then be balanced against the nonparty's interest in local resolution of the motion to determine if transfer is warranted.[21]

**B.**   *Analysis*

As the proponent of the transfer, AMCO bears the burden of showing that exceptional circumstances are present to warrant such transfer. AMCO asserts three circumstances that favor transfer of the subpoena-related motions: (1) Magistrate Judge Gandhi in the California Action has already ruled on a motion to compel filed by AMCO in which he encouraged AMCO to

---

[19] Fed. R. Civ. P. 45(f) (emphasis added).

[20] Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment (emphasis added).

[21] *Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014).

pursue discovery from third parties, (2) Plaintiffs have waived any attorney-client privilege with regard to the subpoenaed information, and (3) motions involving the same issues of attorney-client privilege objections to subpoenas will arise in multiple compliance districts.

The Court finds that these facts do not rise to the level of "exceptional circumstances" envisioned under Rule 45(f).  First, the fact that Magistrate Judge Gandhi in the California Action previously granted a single motion to compel filed by AMCO—which ordered plaintiff Hartman to provide a signed declaration attesting that he has produced all documents in his custody, control, and possession and evidencing his efforts to conduct a diligent search—does not itself cause a significant risk of inconsistent rulings.  In the subpoena-related motions filed in this case, one of the primary issues in dispute is whether the subpoenaed information is protected by the attorney-client privilege and whether Plaintiffs have waived the privilege.  AMCO has not argued attorney-client privilege was an issue addressed in the ruling on the motion to compel in the California Action.  The Court does not find Judge Gandhi's prior ruling—which only encouraged the filing of motions to compel production from third parties possessing requested documents—to constitute an "exceptional circumstance" that would warrant transfer of the subpoena-related motions.

Second, AMCO argues that because it is Plaintiffs and not the subpoenaed parties who allegedly waived the attorney client privilege by placing the attorney compensation issue in contention in the California Action, the motions addressing whether the subpoenaed information is attorney-client privileged should be transferred back to the issuing court.  AMCO has not argued that the issuing court considered or made any ruling with respect to whether Plaintiffs have waived the attorney-client privilege and, if so, the extent of any waiver.  Regardless of whose privilege is at issue (either Plaintiffs or the subpoenaed parties), the Court finds that either

court is equally qualified to assess the privilege objections raised to the subpoenas. This is not an exceptional circumstance justifying transfer of the motions.

The Court recognizes that the only other case from this District that has addressed a post-2013 amendments motion to transfer under Rule 45(f) granted the motion to transfer. In *Valle Del Sol, Inc. v. Kobach*,[22] the court granted the plaintiff's motion to transfer the subpoena-related motions of the defendant to the District of Arizona, explaining that because the Arizona court had granted another motion to compel, the potential risk of inconsistent rulings weighed heavily in favor of transfer and outweighed the defendant's interest in not transferring. The facts in this case are distinguishable from *Valle Del Sol*. In that case, Judge Robinson found the issues of attorney-client privilege and scope were intertwined with issues that had already been decided by the presiding judge in the underlying action. In contrast, the privilege issues raised in the motions pending before this Court do not appear to be intertwined with issues already decided in the California Action. This Court can decide the pending motions here along with any requests for monetary sanctions, as specifically referenced in Judge Gandhi's order granting AMCO's motion to compel.

AMCO's third argument is that subpoena-related motions involving the same attorney-client privilege objections will arise in multiple compliance districts. The Court notes that since AMCO filed its motions to transfer in this case, its motion to transfer filed in the Western District of Missouri was found to be moot after District Judge Stephen R. Bough entered an order on September 3, 2015 granting AMCO's motion to compel compliance with a subpoena for records served on Kathleen Crisp. The granting of the motion to compel (and finding the motion to transfer moot) by the Western District of Missouri undercuts AMCO's argument in

---

[22] 2014 WL 3818490.

favor of transfer here.  In light of Judge Bough's ruling on AMCO's motion to compel filed in the Western District of Missouri, all of the subpoena-related motions clearly will not be decided by the same judge.  The Court finds AMCO has failed to show exceptional circumstances that warrant transfer of the subpoena-related motions.

The subpoenaed Kansas lawyers and law firms assert that a transfer of the motions would create an undue burden and hardship on them.  They would be required to incur the expense of obtaining local counsel, filing motions to be admitted pro hac vice, and potentially traveling to California for any hearings on the motions.  Additionally, the files and related documents of the subpoenaed Kansas lawyers and law firms presumably are located in Kansas. The Advisory Committee Note to Rule 45(f) is clear that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas."  In this case, the subpoenaed Kansas lawyers have shown that transferring the motions to California will place additional and unnecessary burdens upon them.

Finally, as suggested by the Advisory Committee Note to Rule 45(f), this Court has consulted with Judge Gandhi regarding the motion to transfer.  Taking into account all factors discussed herein, the Court concludes the four motions for transfer should be denied.

**IT IS THEREFORE ORDERED THAT** Defendant AMCO's Motions to Transfer (ECF Nos. 4, 14, 16, and 19) are **DENIED.**

**IT IS FURTHER ORDERED THAT** a telephone motion hearing regarding the remaining motions to quash and to compel compliance with subpoenas is set before the undersigned Magistrate Judge on **October 16, 2015 at 3:30 p.m. (central time)**.  Counsel and any pro se parties shall dial **913-735-2279** to join the conference.  The conference line will open five minutes prior to the scheduled time.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, this 8th day of October, 2015.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
